1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

EASTERN DISTRICT OF CALIFORNIA

12
13

UNITED STATES OF AMERICA,

14

Plaintiff,

15

v.

16

APPROXIMATELY $42,800.00 IN U.S.
CURRENCY,

17
18

Defendant.

19
20

Case No. 1:20-cv-00727-DAD-EPG

FINDINGS AND RECOMMENDATIONS THAT
PLAINTIFF'S *EX PARTE* APPLICATION FOR
DEFAULT JUDGMENT AND FINAL
JUDGMENT OF FORFEITURE BE GRANTED

OBJECTIONS DUE WITHIN 14 DAYS

(ECF Nos. 46, 49)

21

Plaintiff, the United States of America, filed this *in rem* civil forfeiture action against

22

approximately $42,800.00 in U.S. currency pursuant to 21 U.S.C. § 881(a)(6), on grounds that the

23

currency is a thing of value furnished or intended to be furnished in exchange for a controlled

24

substance or listed chemical, or proceeds traceable to such an exchange, or was used or intended

25

to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*. (ECF No. 1).

26

On July 18, 2012, Plaintiff filed a motion for an *ex parte* default judgment against four

27

individuals with potential interests in the currency— Kong Peng Vang, Moua Lee Vang, William

28

Smith Sable, and Choua Vang—and moves for a final judgment of forfeiture against them and a

1

claimant who has been dismissed in this case—Meekeo Sengsavang—to vest in the United States all right, title, and interest in the currency. (ECF Nos. 46, 49); *see* LR 540(b)(6) (providing that for motions for default judgment, "[i]f no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice"). There has been no response to the motion or the underlying complaint by Kong Peng Vang, Moua Lee Vang, William Smith Sable, and Choua Vang. For the following reasons, the Court recommends that the motion be granted.

## I.     BACKGROUND

### A.  Factual Allegations

The following factual recitation comes from Plaintiff's uncontested verified complaint for forfeiture *in rem.* (ECF No. 1).

On November 17, 2019, the Fresno Police Department (FPD) responded to a house to investigate a reported homicide, locating ten victims with gunshot wounds, four of whom died. FBD and the FBI began an investigation into the shooting and its connection to local criminal gangs—the Asian Crips and the Mongolian Boys Society—and disputes over interstate drug trafficking territory. On December 26, 2019, law enforcement executed eighteen search warrants on various locations associated with local criminal gangs and residences of individuals with connections to the shooting.

Pertinent here, a search warrant was executed at 1442 N. 8th Street, Fresno, California—an address connected to Kong Vang, an admitted broker of illegal marijuana. Kong Vang has a criminal history including multiple felony arrests, many drug-related, and misdemeanor convictions for burglary and domestic violence.

Law enforcement encountered five individuals at this address; Kong Vang and his girlfriend Meekeo Sengsavang, who confirmed that they occupied the northeast bedroom at the residence; an individual,[1] William Sable, who confirmed that he occupied a garage that had been converted into a bedroom; and two more individuals,[2] Moua Vang and Chou Vang, who

---

[1] This individual is not identified in the verified complaint, but counsel later submitted a supplement identifying this person as William Sable, citing a declaration provided by Task Force Officer Dean A. Cardinale. (ECF No. 49, p. 2, citing ECF No. 40-4, pp. 2-3).

[2] These individuals are not identified in the verified complaint, but counsel later submitted a supplement

2

confirmed that they occupied the southwest bedroom.

In the northeast bedroom, a FPD detective found a brown purse containing approximately $42,800 in cash, marijuana, a Minnesota driver's license for Sengsavang, a social security card for Sengsavang, and a gold iPhone. The $42,800 in cash—composed of all $100 denominations—was bundled in five separate stacks and rubber-banded. Also in the northeast bedroom, law enforcement found a receipt book and notepad representing "pay/owe" sheets for completed drug sales.

When interviewed about the $42,800, Kong Vang told law enforcement that his sole employment is as an interstate marijuana broker with clients all over the United States. Further, he planned to show Sengsavang where to purchase marijuana clones and acknowledged that a portion of the currency was involved in illegal drugs sales, *i.e.*, being designated for the purchase of marijuana clones. Kong Vang stated that a smaller portion of the currency was for Sengsavang to buy a car.

When interviewed, Sengsavang stated that she lives in Minnesota and had been instructed by Kong Vang to fly to Sacramento with $9,000. She had arrived in California a few days before the search and Kong Vang picked her up at the airport and drove her to the residence. She said that she was unemployed and that the currency was largely for the purchase of marijuana clones.

As a result of the search of the seventeen other locations, law enforcement arrested six suspects, seized two firearms believed to be connected to the homicide investigation (along with twelve additional weapons), and seized a total of $46,000 in currency believed to be related to drug activity. The arrests have led to state and federal murder charges.

**B.  Procedural History**

On May 22, 2020, Plaintiff filed this *in rem* civil forfeiture action against the subject currency pursuant to 21 U.S.C. § 881(a)(6) as "a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and [that] was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841*, et seq.*" (ECF No. 1, p. 1).

---

identifying these persons as Choua Vang and Moua Vang, citing a declaration provided by Task Force Officer Dean A. Cardinale. (ECF No. 49, p. 2, citing ECF No. 40-4, pp. 2-3).

Beginning on June 2, 2020, Plaintiff posted notice of the forfeiture on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days. (ECF No. 8). On June 4, 2020, the Clerk issued an arrest warrant *in rem* for the currency. (ECF No. 5). The warrant was executed by the U.S. Marshals Service on June 8, 2020. (ECF No. 7).

On June 5, 2020, Plaintiff mailed copies of the complaint, order regarding clerk's issuance of warrant for arrest, warrant for arrest, affidavit of Dean Cardinale, order setting mandatory scheduling conference, standing order, and court notices to Kong Peng Vang at 1442 North Eighth Street, Fresno, California, 93703, by first class and certified mail. (ECF No. 16-1, p. 2; ECF No. 46, p. 4). The PS Form 3811 "green card"[3] was signed by "SB" and returned to the United States Attorney's Office. (ECF No. 16-1, pp. 2, 5-9). On June 8, 2020, the U.S. Marshals Service personally served the documents listed above on Choua Vang, Kong Peng Vang's niece, residing in Kong Vang's usual place of abode at 1442 North Eighth Street, Fresno, California, 93703. (*Id.* at 2, 11; ECF No. 6).

On June 5, 2020, the United States separately mailed the same documents above to Moua Lee Vang, William Smith Sable, and Choua Vang at 1442 North Eighth Street, Fresno, California, 93703, by first class and certified mail. (ECF No. 16-1, pp. 2-3; ECF No. 46, pp. 4-5). For each, the PS Form 3811 "green card" was signed by "SB" and returned to the United States Attorney's Office. (ECF No. 16-2, pp. 2-3, 12-29).

To date, Kong Peng Vang, Moua Lee Vang, Willaim Smith Sable, and Choua Vang have not filed an answer or claim in response to the *in rem* civil forfeiture action.

Having received no answer or response to the *in rem* civil forfeiture action, Plaintiff filed a request for clerk's entry of default as to Kong Peng Vang, Moua Lee Vang, William Smith Sable, and Choua Vang on April 8, 2021. (ECF No. 16). The Clerk of Court issued an entry of default as to each the same day. (ECF Nos. 17-20).

On April 19, 2021, Meekeo Vue Sengsavang filed an answer through counsel. (ECF No. 21). However, counsel later withdrew from the case, and Sengsavang failed to thereafter participate in the case, resulting in the District Judge granting Plaintiff's motion to dismiss

---

[3] A "green card" is return receipt card returned to the sender of a piece of mail to provide proof of the delivery, including the recipient's signature. *See* Return Receipt – The Basics, https://faq.usps.com/s/article/Return-Receipt-The-Basics (last visited Aug. 23, 2022).

Sengsavang's claim on June 22, 2022. (ECF Nos. 27, 33, 37, 39, 40, 44).

Plaintiff filed its motion for a default judgment and final judgment of forfeiture on July 18, 2022. (ECF No. 46). No opposition or response to the motion has been filed. The Court held a hearing on the motion on July 29, 2022, where only Plaintiff's counsel appeared. (ECF No. 48). On August 10, 2022, Plaintiff filed a supplement at the Court's request addressing the connection between the address and currency at issue in the complaint and Moua Lee Vang, William Smith Sable, and Choua Vang. (ECF No. 49).

## II.    LEGAL STANDARDS

### A.  Civil Forfeiture

Plaintiff brings this action under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of "[a]ll moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of th[e] subchapter." And 18 U.S.C. § 981(b)(2)(A) permits a seizure if "a complaint for forfeiture has been filed in the United States district court and the court has issued an arrest warrant in rem pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims."

"Forfeiture is a harsh and oppressive procedure which is not favored by the courts." *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994) (superseded by statute on other grounds) (internal citation omitted). Courts are "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all the procedural protections afforded criminal defendants." *Id.* at 1068. "[F]orfeitures should be enforced only when within both letter and spirit of the law," *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (internal citation omitted), and "forfeiture statutes are strictly construed against the government." *$191,910.00 in U.S. Currency*, 16 F.3d at 1068.

Procedurally, an *in rem* civil forfeiture must comply with the Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (sometimes referred to herein as "Supplemental Rule(s)"). On December 1, 2006, Supplemental Rule G became effective to govern civil forfeiture actions *in rem*. *See U.S. v. $50,040 in U.S. Currency*, 2007 WL 1176631 at *2 (N.D. Cal. Apr. 20, 2007).

Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by

filing a complaint. Supp. R. G(2). *See United States v. Real Property located in Fresno County*, 135 F.3d 1312, 1315 (9th Cir. 1998) (describing procedural process in forfeiture proceedings). The complaint must be verified, state the grounds for subject-matter jurisdiction, describe the property at issue with reasonable particularity, identify the tangible property's location when seized, identify the statute under which forfeiture is sought, and state sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Supp. R. G(2). If the property is located in the United States, the Plaintiff must publish notice of the forfeiture action in either a newspaper of general circulation in the district, Supp. R. G(4)(a)(iv)(A)) or by posting a notice on the government forfeiture website for at least thirty consecutive days. Supp. R. G(4)(a)(iv)(C). This notice must include the time for filing a claim. Supp. R. G(4)(b)(ii)(B).

Additionally, the Government must send notice to potential claimants "by means reasonably calculated to reach the potential claimant[s]." Supp. R. G(4)(b)(iii)(A). And the notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and the answer." Supp. R. G(4)(b)(ii)(A)-(D).

However, although the notice must be sent by a means that is reasonably calculated to reach the defendant, there is no requirement under the Federal Rules of Civil Procedure or the United States Constitution that a potential claimant actually receive notice of the forfeiture action. *See Real Property located in Fresno County*, 135 F.3d at 1316 (holding that a potential claimant in a civil forfeiture proceeding need not receive actual notice).

Finally, in addition to satisfying the Supplemental Rules discussed, to obtain a default judgment in a civil forfeiture proceeding, the plaintiff must comply with Eastern District of California Local Rule 540, which provides as follows:

> (a) Notice Required. A party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given:
> (1) By publication, see L.R. 530;
> (2) By personal service on the person having custody of the property;
> (3) If the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law

enforcement agency or officer; and

(4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

### B.  Default Judgment

"The Supplemental Rules themselves do not provide a procedure to seek default judgment in an action *in rem*. However, Supplemental Rule A provides: 'The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.'" *United States v. 2013 Lamborghini Aventador LP700-4*, No. 1:17-CV-00967-LJO-SKO, 2018 WL 3752131, at *9 (E.D. Cal. Aug. 8, 2018) (quoting Supp. R. A(2)). Federal Rule of Civil Procedure 55(b)(2) provides as follows:

A default judgment may be entered against an infant or incompetent person only if represented by a legal guardian, committee, conservator, or other like fiduciary who has appeared. If the party against whom default judgment is sought has appeared personally or by a representative, that person or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate a judgment, it needs to:

(A) conduct an account;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

### III.    ANALYSIS

### A.  Plaintiff has Satisfied the Procedural Requirements for an *In Rem* Civil Forfeiture

#### 1.  *Sufficiency of the Complaint*

Pursuant to the Supplemental Rules, Plaintiff's complaint is verified (ECF No. 1, p. 6), states the grounds for subject matter jurisdiction (*id.* at 2), describes the property—the $42,800 in currency—with reasonable particularity (*id.* at 3), identifies the location where it was seized (*id.*), identifies the applicable statutes under which forfeiture is sought (*id.* at 4), and states sufficient details to support a reasonable belief that the United States would be able to meet its burden of proof at trial (*id.* at 2-4). *See* Supp. R. G(2). Further, the uncontroverted facts provide a sufficient

1   nexus between the subject currency and violations related to controlled substances or listed
2   chemicals to support forfeiture.

### 2.   Notice By Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in
federal forfeiture proceedings. Supplemental Rule G(4)(a)(iv)(C) provides that, in lieu of
newspaper publication, the United States may publish a notice by "posting a notice on an official
internet government forfeiture site for at least 30 consecutive days."

Here, publication occurred on the official internet government forfeiture site
(www.forfeiture.gov) for 30 consecutive days beginning on June 2, 2020. (ECF No. 8). A copy of
the notice was attached to the declaration of publication, and it describes the property with
reasonable particularity. (*Id.* at p. 3.) The notice clearly sets forth the time limits for filing a claim
and an answer or motion. (*Id.*) The notice also provides the contact information for an attorney to
be served with any claim, answer, or motion. (*Id.*) Thus, the Supplemental Rule's notice content
requirements have been satisfied.

### 3.   Personal Notice

When the Government knows the identity of the property owner, the Due Process Clause
of the Fifth Amendment requires "the Government to make a greater effort to give him notice
than otherwise would be mandated." *Real Property*, 135 F.3d at 1315. In such cases, the
Government must attempt to provide actual notice by means reasonably calculated under all
circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United
States*, 534 U.S. 16, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b). "Reasonable notice,
however, requires only that the [G]overnment attempt to provide actual notice; it does not require
that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa
Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005); *see also Real Property*, 135
F.3d at 1315 ("In view of the Government's efforts to notify [claimant], we reject [claimant's]
claim that due process requires that he received actual notice of the forfeiture proceedings.").

Supplemental Rule G(4)(b)(iii)(A) mirrors this requirement, providing for notice to be
"sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's
Local Rule 540 addresses notice to persons known to have an interest in property subject to

8

1   forfeiture.

2          Here, Plaintiff contends that it undertook reasonable measures to ensure that those with a

3   potential interest in the subject currency— Kong Peng Vang, Moua Lee Vang, William Smith

4   Sable, and Choua Vang —received actual notice of this forfeiture proceeding. As for Kong Peng

5   Vang, Plaintiff mailed by first class certified mail copies of the complaint and relevant court

6   documents to an address associated with him (1442 North Eighth Street) on June 5, 2020, and

7   thereafter the U.S. Marshals Service personally served the documents on his niece at this same

8   address. Also on June 5, 2020, the United States mailed by first class certified mail copies of the

9   complaint and relevant court documents to an address associated[4] with Moua Lee Vang, William

10  Smith Sable, and Choua Vang (1442 North Eighth Street). For each person, a "green card" was

11  returned signed by "SB" to the United States Attorney's Office. Accordingly, the Court finds that

12  Plaintiff attempted to provide these persons with actual notice by means reasonably calculated

13  under all the circumstances to apprise them of the pendency of this action, thus satisfying the Due

14  Process Clause, the Supplemental Rules, and Local Rule 540. *Real Property located in Fresno*

15  *County*, 135 F.3d at 1316 (concluding notice by mail or other means as certain to ensure actual

16  notice satisfy due process concerns); (*see* ECF No. 16-1, pp. 7-29).

               ***4.   The Time to File a Claim or Answer***

17         Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a

18  forfeiture action must file a claim with the Court within thirty-five days after the Government's

19  notice is sent or sixty days after the first day of publication on an official internet government

20  forfeiture site. *See* Supp. R. G(4)(b)(ii)(B) & G(5)(a)(ii)(B).  Failure to comply with the

21  procedural requirements for opposing the forfeiture precludes a person from establishing standing

22  as a party to the forfeiture action. *Real Property located in Fresno County*, 135 F.3d at 1317.

23         Here, more than sixty days have passed since the first date of publication, and more than

24  thirty-five days have passed since the date that the known potential claimants were provided with

25  notice of the Plaintiff's complaint for civil forfeiture. No claim has been filed (except the

26  dismissed claim of Sengsavang), and a clerk's entry of default has been properly entered against

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [4] Plaintiff's supplement and the declaration it cites explain that Moua Lee Vang, William Smith Sable, and
28  Choua Vang resided at the address where the currency was found, albeit in different rooms than where the
    currency was found. (ECF No. 49, p. 2 (citing ECF No. 40-4, pp. 2-3)

1    all known potential claimants. (ECF Nos. 17-20).

2              *5.   Conclusion*

3         Plaintiff has met the procedural requirements applicable to civil forfeiture *in rem* actions

4    as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the Eastern

5    District of California. This favors the entry of default judgment and the issuance of a final

6    judgment in forfeiture to vest in Plaintiff all right, title, and interest in the defendant property.

7         **B.   The *Eitel* Factors Support Default Judgment**

8         Having determined that Plaintiff complied with the procedural prerequisites for a civil

9    forfeiture *in rem*, the Court now turns to whether a default judgment is appropriate. Plaintiff seeks

10   judgment against the interests of Kong Peng Vang, Moua Lee Vang, William Smith Sable, and

11   Choua Vang and also requests that the Court enter a Final Judgment of Forfeiture, forfeiting all

     right, title, and interest in the Defendant currency to Plaintiff to be disposed of according to law.

12        When considering whether to enter default judgment under Fed. R. Civ. P. 55, courts

13   consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the

14   plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

15   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

16   due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Eitel v.*

17   *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *United States v. Real Prop. Located at 80 Coon*

18   *Creek Rd., Coon Creek Rd., Burnt Ranch, Cal.*, No. CIV S07-1405WBSEFB, 2008 WL 4911865,

19   at *6 (E.D. Cal. Nov. 14, 2008) (applying *Eitel* factors in civil forfeiture action).[5]

20        The *Eitel* factors favor a default judgment here. First, Plaintiff would be prejudiced by the

21   denial of its motion by spending additional time and effort litigating an action in which no claim

22   has been made. Second, Plaintiff's claims appear to have merit. Third, as discussed above,

23   Plaintiff has adhered to the procedural requirements of a forfeiture action, including the filing of a

24   sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to

25   warrant the denial of Plaintiff's motion. Fifth, there are no genuine disputes as to any material

26   fact. Sixth, it does not appear that the failure of any claimant is due to excusable neglect. Finally,

27

28   _____

     [5] While the *ex parte* application for default judgment and final judgment of forfeiture did not address these
     factors, counsel for the United States did so at the hearing.

although merits-based decisions are always preferred, it is not practical, as here, where no claim have been filed by Kong Peng Vang, Moua Lee Vang, William Smith Sable, and Choua Vang, and the claim filed by Sengsavang has been dismissed. Accordingly, there is no impediment to the default judgment sought by Plaintiff and the Court will recommend that the motion be granted.

## IV.   CONCLUSION

For the reasons set forth herein, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment against the interests of Kong Peng Vang, Moua Lee Vang, William Smith Sable, and Choua Vang be granted and a default judgment against Kong Peng Vang, Moua Lee Vang, William Smith Sable, and Choua Vang be entered. (ECF No. 46, *see* ECF No. 49);

2. Plaintiff's motion for an entry of final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6) be granted;

3. The Court enter a final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the Defendant currency to the United States; and

4. The Clerk of Court be instructed to close this case.

These findings and recommendations are submitted to the District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Written objections to these findings and recommendations may be filed within fourteen days of issuance. Any such objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).
IT IS SO ORDERED.


Dated:   **August 23, 2022**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

11